```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  HEATHER MARDEL JONES
    Assistant United States Attorney
 3  United States Courthouse
    2500 Tulare Street, Suite 4401
 4  Fresno, California 93721
    Telephone: (559) 497-4000
 5  Facsimile: (559) 497-4099
 6  Attorneys for United States
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | 1:10-CV-00177-LJO-SKO |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER RE: STIPULATION FOR DISMISSAL** |
| APPROXIMATELY $188,900.00 IN U. S. CURRENCY | ) ) ) | |
| Defendant. | ) ) | |

Based upon the plea agreement entered into between United States of America and defendant Nohemi Villareal Noriega in *United States v. Nohemi Villareal Noriega*, 1:12-CR-0009-LJO, and based upon the Stipulation for Dismissal entered into between the United States of America and claimant Nohemi Villareal Noriega in *United States v. Approximately $188,900.00 in U.S. Currency,* 1:10-CV-00177-AWI-SKO, the Court finds as follows:

1.  A Verified Complaint for Forfeiture In Rem ("Complaint") was filed on February 3, 2010, alleging that said defendant currency is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §981(a)(1)(C) and 31 U.S.C. § 5317(c)(2) .

2.  On February 4, 2010, the Clerk issued a Warrant for Arrest for the defendant currency. The warrant for the defendant currency was duly executed on

March 1, 2010.

3. Beginning on February 6, 2010, for at least 30 consecutive days, the United States, pursuant to Rule G, published notice of this action on the official government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed with the Court on March 9, 2010.

4. The United States provided direct notice or attempted direct notice pursuant to Rule G, to the following individuals: Nohemi Villareal Noriega, Villarreal's Business Services, and Jakrun S. Sodhi, Esq.

5. On August 9, 2011, Nohemi Villareal Noriega filed a Verified Claim, and on August 29, 2011, filed an Answer to the United States' Complaint for Forfeiture In Rem. To date, no other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

6. The parties have agreed and stipulated that the United States shall dismiss the forfeiture allegation in the instant criminal matter and shall dismiss the instant civil *in rem* forfeiture action.

7. In return, Defendant/Claimant Nohemi Villareal Noriega has agreed that the United States shall retain possession of the entire seized approximately $188,900.00 in U.S. Currency, together with any interest which has accrued on the entire balance, (hereafter collectively referred to as "seized funds" or "defendant funds"), and shall apply the seized funds to the restitution obligation, as ordered by this court in the instant criminal prosecution. Any remaining excess seized funds, over and above the restitution obligation, shall be applied to any other fine or financial obligation as ordered by this court in the instant criminal prosecution. Thereafter, any remaining seized funds shall be deemed abandoned and retained by the United States to be disposed of according to law.

///

///

1    IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED:

2    1.   The instant civil *in rem* forfeiture action is dismissed.

3    2.   The United States shall retain possession of the entire seized approximately $188,900.00 in U.S. Currency, together with any interest which has accrued on the entire balance, and shall apply the seized funds to the restitution obligation, as ordered by this court in the instant criminal prosecution.

3.   Any remaining excess seized funds, over and above the restitution obligation, shall be applied to any other fine or financial obligation as ordered by this court in the instant criminal prosecution.

4.   Thereafter, any remaining seized funds shall be deemed abandoned and retained by the United States to be disposed of according to law.

5.   No party has substantially prevailed in this action within the meaning of 28 U.S.C. § 2465, and each party will bear their own attorney fees and costs.

6.   There was probable cause for arrest and seizure of the defendant currency, and for the commencement and prosecution of the criminal forfeiture allegation, as well as the civil *in rem* forfeiture action, and that the Court shall enter a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7.   Notwithstanding the dismissal of the instant civil in rem forfeiture action, the U.S. District Court for the Eastern District of California, Hon. Lawrence J. O'Neill, shall retain jurisdiction to enforce the terms of the Stipulation.

IT IS SO ORDERED.

**Dated:   August 13, 2013**            **/s/  Lawrence J. O'Neill**
                                         UNITED STATES DISTRICT JUDGE